UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DOE[1]

              Plaintiff,              Case No.

v.

                                           Hon.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES; ALEJANDRO
MAYORKAS, Secretary of the Department of
Homeland Security; TRACY RENAUD, Acting
Director of the United States Citizenship and
Immigration Services; LOREN MILLER,
Director, USCIS Nebraska Service Center

              Defendants.

_____

## INTRODUCTION

1) Plaintiff John Doe (herein "Doe") hereby files this complaint pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq. (herein "APA") to challenge the denial of his Form I-765, Application for Employment Authorization. Defendant United States Citizenship and Immigration Services (herein "USCIS") and the other Defendants, acting on behalf of USCIS, erroneously denied Plaintiff's I-765. To summarize, Plaintiff sought to renew his employment authorization on the basis of his pending asylum application and USCIS rejected the application on the purported basis that his "request for asylum is not considered pending." In fact, Plaintiff's asylum case is pending and USCIS's decision is a product of its

---

[1] Plaintiff is an asylum seeker from Togo. To preserve his confidentiality pursuant to federal regulations at 8 CFR § 208.6, a motion to proceed under a pseudonym will be filed forthwith.

failure to read and comprehend the relevant orders of the Immigration Judge and the Board of Immigration Appeals. As such, the USCIS decision has no basis in fact or law. Plaintiff seeks a declaration that Defendants' decision violated the APA because it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or otherwise not in accordance with the law; in excess of statutory jurisdiction, authority, or limitations or short of statutory right; or without observance of procedures required by law. As a result of Defendants' improper acts and omissions, the Court should order Defendants to reopen and reconsider Plaintiff's application.

## JURISDICTION

2) This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201, as this is a civil action seeking, in addition to other remedies, a declaratory judgment.

3) The APA provides a waiver of sovereign immunity as well as a cause of action. 5 U.S.C. § 702.

## STANDING

4) The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' improper denial of Plaintiff's Form I-765 results in Plaintiff being unable to lawfully be employed in the United States. Plaintiff thus falls within the APA's standing provisions.

## VENUE

5) Venue is proper under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to this claim occurred in this district, Plaintiff resides in this district and no real property is involved in this action.

## PARTIES

6) Plaintiff John Doe is a citizen of Togo that at all relevant times has resided in Kalamazoo County, Michigan.

7) Defendant USCIS is a component agency within the Department of Homeland Security and is responsible for the administration and enforcement of the Immigration and Nationality Act. Among its duties, USCIS is responsible for adjudicating applications such as Form I-765, Application for Employment Authorization.

8) Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security (DHS). The Secretary's responsibilities are set forth in 8 U.S.C. §§ 1103(a)(1)-(3), among which are: to administer and enforce the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of foreign nationals; to control, direct and supervise all DHS employees; to establish such regulations, issue such instructions and perform such other acts deemed necessary for carrying out his authority; and to require any employee of USCIS to perform or exercise any of the powers, privileges or duties conferred or imposed by the Act or regulations issued thereunder. Mr. Mayorkas is sued in his official capacity.

9) Tracy Renaud is the Acting Director of USCIS. Pursuant to section 451 of the Homeland Security Act, the Director of USCIS administers the provisions of the Immigration & Nationality Act through her agents and officials of USCIS. She oversees the operations of personnel of USCIS who adjudicate applications such as Form I-765 filed by foreign nationals. Ms. Renaud is sued in her official capacity.

10) Loren Miller is the Director of USCIS's Nebraska Service Center. He has authority to adjudicate I-765 applications such as the one in dispute here. Mr. Miller is sued in his official capacity.

## FACTUAL ALLEGATIONS

11) Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

12) Plaintiff was last before this Court in *Doe v. Department of Homeland Security, et al.*, No. 1:19-cv-288-PLM-PJG (W.D. MI 2019), a Freedom of Information Act (FOIA) case filed on April 16, 2019 and resolved (by settlement) on September 16, 2019.

13) During the pendency of the above FOIA lawsuit, on June 11, 2019, Immigration Judge Elizabeth Lang of the Chicago Immigration Court rescinded Doe's in absentia removal order and reopened his immigration court proceedings (scheduling a hearing for November 19, 2019) because Doe "did not receive actual notice of his [prior] hearing" and because he was prejudiced by his prior legal representative's unauthorized practice of law. A copy of Judge

Lang's decision is appended as **Exhibit A**.[2] DHS did not appeal Judge Lang's June 11, 2019 decision.

14) On November 19, 2019, Doe attended his scheduled hearing at the Chicago Immigration Court together with counsel. At the beginning of the hearing there was a discussion regarding whether the Chicago Immigration Court remained an appropriate venue for the proceedings in light of Doe's move from Illinois to Michigan. Ultimately, DHS and Doe agreed that the case should stay before the Chicago Immigration Court and Judge Lang accepted this stipulation. Doe, through undersigned counsel, then raised an oral motion to terminate proceedings based on a defect in the Notice to Appear (NTA).

15) The question of the legal consequence of such defects (failing to specify a date of hearing on an NTA) has been before the Supreme Court before and is currently before the Supreme Court once again. See *Pereira v. Sessions*, 138 S. Ct. 2105 (2018); *Niz-Chavez v. Barr*, 141 S. Ct. 84 (2020).

16) Pursuant to binding precedent in the relevant federal circuit, Judge Lang granted the motion by Doe to terminate proceedings. *See* **Exhibit B**.

17) The termination of proceedings was analogous to a dismissal without prejudice. Based on Doe's "prompt objection to the Notice [to Appear], the Immigration Judge could and

---

[2] To preserve Doe's confidentiality, the exhibits accompanying this complaint have been redacted. Specifically, Doe's name has been whited out. Likewise, his A-number has also been whited out because, by calling the immigration court hotline at 1-800-898-7180, anyone (including government officials in Togo) could learn his name. An un-redacted copy of the exhibits will be served with the complaint so that Defendants can identify Plaintiff and are not in any way prejudiced in their review and defense of the matter.

should have quashed it for noncompliance with the statute. A new, compliant Notice could have issued, and the case could have proceeded." *Ortiz-Santiago v. Barr*, 924 F.3d 956, 965 (7th Cir. 2019). Judge Lang correctly noted this on the record at the hearing.

18) DHS elected to appeal Judge Lang's November 19, 2019 decision but filed its appeal four (4) days late.

19) Doe filed a motion to dismiss the untimely appeal on February 4, 2020. *See* **Exhibit C**.

20) The Board of Immigration Appeals (BIA) dismissed the government's appeal on December 1, 2020 on the basis that the appeal was untimely filed. *See* **Exhibit D**. The result of the BIA's decision was that Judge Lang's November 19, 2019 decision was "final". *Id*. Of course, "final" in this context, as discussed at paragraph 17, meant that DHS was still free to issue "a new, compliant Notice [to Appear]" to again commence immigration court proceedings. *Ortiz-Santiago*, at 965.

21) Doe mailed an application to renew his employment authorization on January 22, 2021. With the application, Doe included (unredacted) copies of exhibits A through D and explained in a cover letter that "[t]he effect of the enclosed EOIR decisions is to place Mr… [Doe] back into the position of a person whom has a pending asylum application but has not yet been served an NTA. See *Ortiz-Santiago v. Barr*, 924 F.3d 956, 965 (7th Cir. 2019)."

22) The government did issue a new NTA on February 2, 2021. *See* **Exhibit E**.

23) In a supplemental letter to the USCIS Nebraska Service Center mailed on February 27, 2021, Doe, through counsel, provided a copy of the new NTA and re-explained "the effect of the … EOIR decisions is to place Mr… [Doe] back into the position of a person whom has a pending asylum application but has not yet been served an NTA…. Evidently, ICE had the same understanding and served him a new NTA on February 2, 2021…. As Mr... [Doe] has not yet had a hearing on the merits of his asylum application before EOIR, he qualifies for employment authorization in category (c)(8)."

24) USCIS's Nebraska Service Center issued a decision on the employment authorization application on April 22, 2021. *See* **Exhibit F**.

25) The decision erroneously states that Doe's "I-589 [asylum application] was… terminated on November 19, 2019 by the Immigration Judge." This is clearly not what happened. Judge Lang terminated the proceedings (without prejudice) based on the government's error. Judge Lang made no decision on November 19, 2019 (or at any other time) regarding the merits of Doe's asylum claim.

26) The decision then erroneously states that Doe "filed an appeal with the Board of Immigration Appeals (BIA) on December 23, 2019." This is clearly not what happened. It was the government that filed the appeal, not Doe.

27) The decision then erroneously states that "[t]he BIA dismissed your appeal on December 1, 2020." This is again not what happened. It was the government that had its appeal

dismissed based on the government's continuing incompetence (i.e. failure to timely file a simple form.)

28)   In summary, USCIS's decision is a product of its failure to read and comprehend the relevant orders of the Immigration Judge and the Board of Immigration Appeals. Doe's asylum case remains pending as he has never had a hearing on its merits.

## COUNT ONE
### (Violation of the Administrative Procedure Act)

29)   Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

30)   Plaintiff has been aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et seq.

31)   The documents submitted by Plaintiff established his eligibility to renew his employment authorization under 8 CFR § 274a.12(c)(8) because he filed a complete application for asylum in 2014 and his application has not been decided.

32)   Defendants' denial of Plaintiff's application to renew employment authorization is based on their failure to review and comprehend papers provided with the application and explained in counsel's letters.

33)   Defendants failed to administer the applicable law in conformance with Congressional intent.

34)     Defendants acted arbitrarily, capriciously or contrary to law in violation of the Administrative Procedure Act by denying Plaintiff's I-765. Defendants' decision is unsupported by substantial evidence.

35)     Plaintiff has no other recourse to judicial review other than by this action.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court grant the following relief:

(A)     Declare Defendants' denial of Plaintiff's I-765 to be in violation of the Administrative Procedure Act;

(B)     Order Defendants to immediately reopen and re-adjudicate the I-765;

(C)     Retain jurisdiction during the adjudication of the I-765 in order to ensure compliance with the Court's orders;

(D)     Award reasonable costs and attorney fees under the Equal Access to Justice Act, 5 U.S.C. § 552(a)(4)(E) or any other applicable law; and

(E)     Grant such further relief as the Court deems just and proper.

Dated: April 24, 2021            Respectfully Submitted,

/s/ Marc Asch (P75499)
The Law Office of Marc Asch
137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiff